United States District Court

Eastern District of California

Savon D. Dennis,

       Plaintiff,                    No. Civ. S 05-0102 FCD PAN P

  vs.                              Order

C. Huskey, et al.,

       Defendants.

-oOo-

    Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  He seeks leave to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

    Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $150 filing fee required by 28 U.S.C. § 1914(a)(2000).  Plaintiff must make monthly payments of 20 percent of the preceding month's

income credited to his trust fund account.  28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fee is paid.

I have reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and find it states a cognizable claim against defendant C. Huskey.

The complaint states no cognizable claim against defendants S. Armoskus, Turner or Sandham.  Plaintiff's claims against these defendants are dismissed.

Plaintiff may proceed forthwith to serve defendant C. Huskey and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendants S. Armoskus, Turner and Sandham.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants S. Armoskus, Turner and Sandham, he has 45 days so to do.  He is not obligated to amend his complaint and if he does it unavoidably will delay this litigation.

If plaintiff elects to proceed forthwith against defendant C. Huskey, against whom he has stated a cognizable claim for relief, then within 15 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants S. Armoskus, Turner and Sandham without

prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth

1  rare exceptions to simplified pleading).

2  Plaintiff's claims must be set forth in short and plain
3  terms, simply, concisely and directly.  See Swierkiewicz v.
4  Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting
5  point of a simplified pleading system, which was adopted to focus
6  litigation on the merits of a claim."); Fed. R. Civ. P. 8.

7  Plaintiff must eliminate from plaintiff's pleading all
8  preambles, introductions, argument, speeches, explanations,
9  stories, griping, vouching, evidence, attempts to negate possible
10 defenses, summaries, and the like.  McHenry v. Renne, 84 F.3d
11 1172 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for
12 violation of Rule 8 after warning); see Crawford-El v. Britton,
13 523 U.S. 574, 597 (1998) (reiterating that "firm application of
14 the Federal Rules of Civil Procedure is fully warranted" in
15 prisoner cases).  It is sufficient, for example, for a prisoner
16 who claims the conditions of his imprisonment violate the Eighth
17 Amendment prohibition against cruel and unusual punishment to
18 allege that an identified state actor used force against
19 plaintiff maliciously and sadistically for the very purpose of
20 causing harm.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).
21 (On the other hand, prison officers imposing discipline act in
22 haste, under pressure and without the luxury of a second chance;
23 therefore, no Eighth Amendment violation occurs where force is
24 applied to maintain or restore discipline but not maliciously and
25 sadistically.)

26 The court (and defendant) should be able to read and

understand plaintiff's pleading within minutes.  McHenry, supra. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it.  Noll v. Carlson, 809 F.2d 1446 (9th Cir. 1986).  Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing a first-amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and

plaintiff may be punished by prison authorities for violation of the court's rules and orders.  See 15 Cal. Admin. Code § 3005.

Title 42 of the United States Code § 1997e(a) provides that a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  15 California Administrative Code § 3084.1, et seq.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.  Plaintiff further is admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendant C. Huskey.

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $150 for this action.  The fee shall be collected and paid in

6

accordance with the notice to the Director of the California Department of Corrections filed concurrently herewith.

    3.  Claims against defendants S. Armoskus, Turner and Sandham are dismissed with leave to amend.  Within 45 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint and if he does it inevitably will delay this litigation.

    4.  The pleading states cognizable claims against defendant C. Huskey.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed January 18, 2005, one USM-285 form and instructions for service of process on defendant C. Huskey.  Within 15 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the January 18, 2005, complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendant C. Huskey will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants S. Armoskus, Turner and Sandham without prejudice.

Dated:  June 2, 2005.

                             /s/ Peter A. Nowinski
                             PETER A. NOWINSKI
                             Magistrate Judge

United States District Court

Eastern District of California

Savon D. Dennis,

        Plaintiff,        No. Civ. S 05-0102 FCD PAN P

  vs.                      Notice of Submission of Documents

C. Huskey et al.,

        Defendants.

-oOo-

Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    __1__    completed summons form

    __1__    completed form USM-285

    __2__    copies of the __January 18, 2005__
                                    Complaint

Dated: _____

                                      _____
                                      Plaintiff