1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SAVON DOONEY DENNIS,

11            Plaintiff,                        No. CIV S-05-0102 FCD PAN P

12        vs.

13   C. HUSKEY, et al.,

14            Defendants.                       ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  On May 12, 2006, plaintiff was granted an extension of time

18   to provide the documents for service on defendant Huskey.  However, on May 22, 2006, plaintiff

19   filed an amended complaint.  The Federal Rules of Civil Procedure provide that a party may

20   amend his or her pleading "once as a matter of course at any time before a responsive pleading is

21   served."  Fed. R. Civ. P. 15(a).

22          Plaintiff has again named defendants Armaskus, Turner and Sandham who were

23   previously dismissed as plaintiff failed to state a cognizable claim against them.  (See July 13,

24   2005 Findings and Recommendations; August 19, 2005 Order.)  Plaintiff has added a defendant

25   by the name of C.L. Adams, and in the relief section of his amended complaint, refers to an

26   unnamed medical assistant and John Does.

1      The Civil Rights Act under which this action was filed provides as follows:

2      Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the
3      deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at
4      law, suit in equity, or other proper proceeding for redress.

5 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

10 omits to perform an act which he is legally required to do that causes the deprivation of which

11 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12      Moreover, supervisory personnel are generally not liable under § 1983 for the

13 actions of their employees under a theory of respondeat superior and, therefore, when a named

14 defendant holds a supervisorial position, the causal link between him and the claimed

15 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

16 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

17 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

18 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

19 Cir. 1982).

20      Plaintiff has not provided any charging allegations for any named defendant other

21 than defendant Huskey.  Accordingly, the court will not order service of process on defendants

22 other than defendant Huskey.

23      However, the amended complaint states a cognizable claim for relief as to

24 defendant Huskey pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of

25 the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits

26 of this action.

1          In accordance with the above, IT IS HEREBY ORDERED that:

2          1.  Service is appropriate for defendant C. Huskey;

3          2.  The Clerk of the Court shall send plaintiff one USM-285 form, one summons,

4    an instruction sheet and a copy of the amended complaint filed May 22, 2006.

5          3.  Within thirty days from the date of this order, plaintiff shall complete the

6    attached Notice of Submission of Documents and submit the following documents to the court:

7               a.  The completed Notice of Submission of Documents;

8               b.  One completed summons;

9               c.  One completed USM-285 form for defendant Huskey; and

10              d.  Two copies of the endorsed amended complaint filed May 22, 2006.

11         4.  Plaintiff need not attempt service on defendants and need not request waiver of

12   service.  Upon receipt of the above-described documents, the court will direct the United States

13   Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4

14   without payment of costs.

15   DATED:  July 27, 2006.

16

17                                          _____
                                             UNITED STATES MAGISTRATE JUDGE
18

19   /001; denn0102.1amd

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SAVON DOONEY DENNIS,

11             Plaintiff,                    No. CIV S-05-0102 FCD PAN P

12        vs.

13   C. HUSKEY, et al.,                      NOTICE OF SUBMISSION

14             Defendants.                   OF DOCUMENTS

15   _____/

16             Plaintiff hereby submits the following documents in compliance with the court's

17   order filed _____:

18             _____        completed summons form

19             _____        completed USM-285 forms

20             _____        copies of the _____
                                           Amended Complaint

21   DATED:

22

23                                      _____
                                        Plaintiff
24

25

26