IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAVON D. DENNIS,

      Plaintiff,                    No. CIV S-05-0102 FCD EFB P

    vs.

C. HUSKEY, et al.,

      Defendants.          ORDER

_____/

      Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the January 18, 2007, complaint. On February 1, 2007, plaintiff filed documents styled, "Motion to Compel Discovery Pursuant to FRCIVP 37," and "Motion to Compel Further Discovery." Also on February 1, 2007, plaintiff filed a document styled, "Exhibit." On February 22, 2007, defendant Huskey filed an opposition to the "Motion to Compel Further Discovery." For the reasons stated below, the court denies plaintiff's motions.

      A party may move for an order compelling discovery with respect to objections or other failure to respond to interrogatories or requests to produce documents. Fed. R. Civ. P. 37(a)(2)(B), 33(b)(5), 34(b). A party who has requested admissions may move to determine the sufficiency of the answers or objections. Fed. R. Civ. P. 36(a). A prerequisite to such a motion

is demonstrating that the party properly sought the discovery he seeks to compel.

In the "Motion to Compel Discovery," plaintiff states,

> In addition to complying with applicable provisions of civil L.R. 7, a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of FRCIVP 26(B)(2) are satisfied.

In the document styled, "Motion to Compel Further Discovery Pursuant to FRCIVP 7 and Civil L.R. 7," plaintiff asserts that he requests documents showing that defendants used excessive force and that he was denied medical attention. He alleges the facts that he set forth in the complaint, cites to cases that he believes support his substantive claims, and attaches proofs of service showing that he attempted to serve his documents labeled, "Exhibit." The proofs list himself as the party to be served.

In the document styled, "Exhibit," plaintiff asserts that defendants intercepted papers that plaintiff intended to be filed in this court. He also asserts that he was having difficulty obtaining copies of his medical records, and that he was having difficulty obtaining a trust account statement from prison authorities. Thereafter, plaintiff quotes from various of the Federal Rules of Civil Procedure and Local Rules of this Court pertaining to discovery, sanctions, service of papers and time for filing.

Defendant Huskey argues that plaintiff has not served upon him or on counsel any requests for discovery. Opp'n at 2. Nowhere in any of these documents does plaintiff demonstrate or even allege that he has served any particular discovery requests, and that defendant either has refused to serve responses or has responded with objections. Therefore, there is no basis for granting plaintiff's motions.

////

////

////

1     Accordingly, it is ORDERED that plaintiff's February 1, 2007, motions to compel are
2 denied.
3 Dated: July 9, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3